# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

MICHAEL SERO,

                Plaintiff,

-vs-

NEW YORK CENTRAL LINES, LLC, CSX TRANSPORTATION, INC. and CSX CORPORATION,

                Defendants.

CSX TRANSPORTATION, INC.,

                Third Party Plaintiff,

-vs-

DAVEY TREE & LAWN CARE, DAVEY TREE SURGERY COMPANY and DAVEY TREE EXPERT COMPANY,

                Third Party Defendant.

DECISION & ORDER
07-CV-6397-CJS

## APPEARANCES

For Plaintiff:  Richard A. Plukas, Esq.
Fitzsimmons, Nunn, Fitzsimmons & Plukas, LLP
16 E. Main Street Suite 300
Rochester, NY 14614
(585) 546-5270

For Defendants/Third Party Plaintiffs:  John J. Jablonski, Esq.
Melanie Slaughter Wolk, Esq.
Goldberg Segalla LLP
665 Main Street Suite 400
Buffalo, NY 14203
(716) 566-5469

| For Third Party Defendants: | William G. Bauer, Esq. |
| --- | --- |
| | Woods Oviatt Gilman LLP |
| | 700 Crossroads Building |
| | Two State Street |
| | Rochester, NY 14614 |
| | (585) 987-2800 |

**INTRODUCTION**

**Siragusa, J.** This diversity action for personal injury is now before the Court on Defendants'/Third Party Plaintiffs' motion (Docket No. 25) seeking summary judgment against Third Party Defendant for contractual indemnification and breach of contract. For the reasons stated below, the application is granted in part and denied in part.

**BACKGROUND**

Plaintiff was injured while an employee for Davey Tree Expert Company ("Davy Tree"), one of the Third Party Defendants in this case. Davey Tree was under contact with CSX Transportation, Inc. ("CSX") to clean up an abandoned railroad yard in Rochester, New York. Plaintiff incurred his injuries when he fell into a hole while cleaning up that yard. The issue before the Court on this motion is whether the contract between CSX and Davey Tree required the latter to obtain insurance for CSX, and whether the contract requires Davey Tree to indemnify and hold CSX harmless for the injury to Plaintiff.

This case, which began in New York State Supreme Court, Seventh Judicial District, was removed to this Court by CSX on August 15, 2007. (Notice of Removal 1.) In the removal, CSX noted that, "New York Central Lines, LLC, is now, and was at the time of the state court filing, an inactive corporation organized under the laws of Delaware." (*Id*., at 2.) CSX also stated that CSX Transportation, Inc., and CSX Corporation are both incorporated in the Commonwealth of Virginia, and both have their principal place of business in Jacksonville, Florida. (*Id*.) Plaintiff is a resident of New York. (Compl. ¶ 1.) On June 13,

2008, CSX filed a Third Party Complaint bringing Davey Tree into the case. In that Third Party Complaint, CSX alleges that Davey Tree and Lawn Care, and Davey Tree Surgery Company as well as Davey Tree Expert Company, are all incorporated in Kent, Ohio, with a place of business in Rochester, New York.[1] (Third Party Compl. ¶¶ 2–8.)

In its motion for summary judgment, CSX did not include the required statement of material facts not in dispute. W.D.N.Y. Loc. R. Civ. P. 56.1. On February 25, 2010, nine and a half months after filing their motion for summary judgment, CSX finally filed a statement of facts. (Docket # 40.). During that period, the parties attempted to resolve the case before the Honorable Jonathan W. Feldman, U.S. Magistrate Judge. In a letter dated February 12, 2010, counsel for CSX noted her failure to comply with Rule 56.1, and sought permission to file a statement of facts, which application the Court granted on February 18, 2010.[2]

The following facts are undisputed, except where noted. At approximately 10:00 a.m. on October 20, 2004, Plaintiff claims he tripped and his leg fell into a hole on CSX-owned property while performing work for Davey Tree. The Plaintiff began working for Third-Party Defendant, Davey Tree in 1999 as a laborer. On or about October 16, 2004, CSX entered into a contract with Davey Tree for certain work to be performed at or near Norton Street near Clifford Avenue ("Norton Street job site"). The Contract required Davey Tree to cut the grass and weeds and remove the trash and debris from the Norton Street

---

[1] "Outside of the large, multi-state class action context,3.1 to invoke diversity of citizenship jurisdiction, every claimant must be a citizen of a different state from every defendant, and the amount in controversy must exceed $75,000." 4-19 Moore's Federal Practice - Civil § 19.04. None of the parties has raised any objection to jurisdiction, and the Court finds no basis for questioning diversity jurisdiction. The Court will refer to all the Davey Tree companies as "Davey Tree."

[2] The Court notes, however, contrary to its guidelines, none of the parties submitted courtesy copies of their papers.

job site. Additionally, Davey Tree was also required to provide legal disposition of any violations. The day before the accident, Plaintiff was advised by his supervisor that the employees needed to clear the brush, cut down the vegetation and clean up any garbage on the property. Plaintiff's injury occurred on his second day on the Norton Street job site, while picking up debris. Plaintiff testified at a pretrial deposition that while on the Norton Street job site working for Davey Tree, he never received directions from CSX employees and that he was an employee of Davey Tree on the day of his injury. Robert Nichols ("Nichols"), another Davey Tree employee at the Norton Street job site, testified at a pretrial deposition that on the day Plaintiff was injured, Nichols had walked "quite a few times" in the area of the job site where Plaintiff was injured without noticing any holes. (Nichols Dep. 111:11–16, 116:6–8.) No evidence before the Court on this motion suggests that Davey Tree made the hole into which Plaintiff fell.

The contract between Davey Tree and CSX, evidently drafted by CSX, contained two provisions that are at issue here:

> 4. Contractor hereby assumes risk of, and agrees to indemnify, defend, and save Railroad harmless from and against (a) injury to or death of any person(s) whomsoever, including, but not limited to, the agents, servants or employees of the parties hereto, and/or (b) the loss of or damage to any property whatsoever, including property owned or In the care, custody or control of Railroad and contractor, and/or (c) all claims, demands, suits, judgments, fines or expenses incurred in connection therewith; resulting from or arising out of the intentional acts or negligent acts or omissions of said Contractor, or its agents, servants or employees, in the performance or execution of the Work, or incidental thereto.
>
> 5. Contractor shall purchase and maintain, at Contractor's expense: (a) Commercial General Liability Insurance coverage, in the minimum amount of $1,000,000.00 Combined Single Limit per occurrence for bodily injury and property damage liability, with a thirty (30) day unconditional notice of cancellation to the Railroad, including coverage of all liability assumed by Contractor under this contract; (b) Workers Compensation Insurance; and (c) Automobile Liability Insurance of at least $500,000.00 Combined Single

> Limit per occurrence for bodily injury and/or property damage. Contractor shall provide certificates of insurance to Railroad verifying the same prior to performing of any Work.

(Letter Contract (Oct. 6, 2004) ¶¶ 4 & 5.)

## STANDARDS OF LAW

### *Summary Judgment*

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the

fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. Fed. R. Civ. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

## ANALYSIS

### *Indemnification*

CSX first contends that it is entitled to indemnification from Davey Tree as a result of the fourth paragraph of the contract, quoted above. CSX correctly observes that the

Court, in applying New York law to the contract, must interpret the agreement so as to carry out the intentions of the parties. *Wallace v. 600 Partners Co.*, 86 N.Y.2d 543, 548 (1995). The indemnification provision contains a clause following the three conditions set out by letters a, b and c. That clause, following a semi-colon, reads: "resulting from or arising out of the intentional acts or negligent acts or omissions of said Contractor, or its agents, servants or employees, in the performance or execution of the Work, or incidental thereto." The clause applies to the entire paragraph. *See Fox v. International Hotel Co.*, 41 A.D. 140, 147–48 (N.Y. App. Div. 4th Dep't 1899) (Spring, J., dissenting) ("Then another provision is stated, and a semi-colon separates its clauses. This is not an infrequent mark of punctuation in the separation of two divisions of a sentence; it is often used in the place of a comma. In sentences of this composition, it is a common method of interpretation that the ending clause or phrase applies to the last subject-matter to which it is pertinent, unless the clauses are connected by commas denoting the qualifying phrase is applicable to all the preceding clauses. It is unusual to make the qualifying clause jump a period and be tacked on the first sentence.").

Reading the paragraph plainly, Davey Tree is required to indemnify CSX and hold it harmless for any injuries to persons, property, or claims of either, arising from its work at the Norton Street job site, *if* those injuries or claims arise out of Davey Tree's intentional or negligent acts or omissions. Under New York law, it is incumbent on CSX to prove Davey Tree's negligence before it can obtain indemnification. *See Bryde v. CVS Pharmacy*, 61 A.D.3d 907, 908 (N.Y. App. Div. 2d Dep't 2009) ("CVS did not establish, as a matter of law, that the plaintiff's accident resulted from a "negligen[t] or wrongful act or omission" on the part of Jato [defendant contractor], as required by the defense and

indemnification clause of its contract with Jato...."); *Murray v. City of New York*, 43 A.D.3d 429, 431 (N.Y. App. Div. 2d Dep't 2007) ("there was no showing of a causal connection between any act or omission of [third party defendant] and the plaintiff's injuries, the indemnification provision of the contract was not triggered."); *cf. Pope v. Supreme - K.R.W. Constr. Corp.*, 261 A.D.2d 523, 525 (N.Y. App. Div. 2d Dep't 1999) ("Further, contrary to the arguments of Dynamic on appeal, the plain and unambiguous terms of the contract do not condition Dynamic's duty to defend and indemnify K.R.W. and Supreme on findings that Dynamic was negligent and that such negligence was a proximate cause of the injuries at issue.").

Plaintiff testified at a pretrial deposition concerning the hole into which he stepped:

Q. You indicated that you went about 60 feet [onto the job site] and then stepped into a hole?

A. Uhm-uhm.

Q. Which one of your feet stepped into a hole?

A. My right.

Q. How would you describe the hole?

A. I would say it was about—it was about 18 inches in width. It was probably about that same in depth. I could not see it because of all the brush being—you know, the nature of when you're mowing that type of height of weeds it just kicks stuff all over the place and I couldn't see it.

Q. So there was like brush or grass and weeds laying over the top of it?

A. Right, uhm-uhm.

Q. Was this hole near a building or any other type of—something that we can place it next to?

A. Well, it would be in the middle of—if you were going down the rail line, the pre-existing rail line it would be closer to the right-hand side. It would be to your right close to a building. Not really close to it, but it would be somewhat close to it.

The evidentiary proof before the Court does not conclusively establish that Davey

Tree was negligent, or acted intentionally, with regard to Plaintiff's injury. This question of fact needs to be addressed at trial. Thus, CSX has not shown its entitlement to summary judgment on the indemnification and hold harmless provisions.

***Duty to Defend***

The fourth paragraph of the agreement between Davey Tree and CSX also required Davey Tree to "defend" CSX,

> against (a) injury to or death of any person(s) whomsoever, including, but not limited to, the agents, servants or employees of the parties hereto…; resulting from or arising out of the intentional acts or negligent acts or omissions of said Contractor, or its agents, servants or employees, in the performance or execution of the Work, or incidental thereto.

(Letter Contract (Oct. 6, 2004) ¶ 4.) Davey Tree argues that, as with the indemnification provision of this paragraph, no decision can be made with regard to the duty to defend until such time that CSX successfully shows that Davey Tree is liable for the injury to Plaintiff. The Court disagrees.

The duty to defend is much broader than the duty to indemnify. As the New York Appellate Division observed about the duty to defend:

> Without doubt, this duty is exceedingly broader than and distinct from the duty to indemnify (*see, e.g., Redding-Hunter Inc. v. Aetna Cas. & Sur. Co.,* 206 A.D.2d 805, 806, 615 N.Y.S.2d 133, *lv denied* 86 N.Y.2d 709, 634 N.Y.S.2d 442, 658 N.E.2d 220; *Curtis v. Nutmeg Ins. Co.,* 204 A.D.2d 833, 834, 612 N.Y.S.2d 256, *lv dismissed* 84 N.Y.2d 1027, 623 N.Y.S.2d 182, 647 N.E.2d 454), for even where a complaint on its face fails to state a covered claim an "insurer must provide a defense if it has knowledge of facts which potentially bring the claim within the policy's indemnity coverage" (*Fitzpatrick v. American Honda Motor Co.,* 78 N.Y.2d 61, 66, 571 N.Y.S.2d 672, 575 N.E.2d 90).

*Erdman v. Eagle Ins. Co.*, 239 A.D.2d 847, 849, 658 N.Y.S.2d 463, 466 (N.Y.A.D. 3rd Dept. 1997). In the case before the Court, Davey Tree contracted to defend CSX. Were the Court to interpret the fourth paragraph as Davey Tree suggests, it would fail to give

meaning to "defend" and fail to recognize New York precedent holding that the duty to indemnify is separate and distinct from duty to defend, and the latter is a much broader duty. The third party complaint clearly indicates that Davey Tree may be liable for Plaintiff's injury. Consequently, like the insurance company in the *Erdman* case, Davey Tree has an obligation to CSX to pay for its defense against Plaintiff's claim.

### *Insurance*

The fifth paragraph of the contract required Davey Tree to purchase insurance for general liability coverage. Davey Tree did not do so. Here, Davey Tree contends that it's failure is of no consequence, since, as with the fourth paragraph, insurance would only be relevant if Davey Tree was negligent in causing Plaintiff's injury. Davey Tree relies primarily on *Worth Constr. Co., Inc. V. Admiral Ins. Co.*, 10 N.Y.3d 411 (2008). In *Worth*,

> the additional insured endorsement states that Worth is an additional insured "only with respect to liability arising out of [Pacific's] operations." The phrase "arising out of" has been interpreted by this Court to "'mean originating from, incident to, or having connection with'" and requires "only that there be some causal relationship between the injury and the risk for which coverage is provided."

*Worth*, 10 N.Y.3d at 415 (citations omitted). *Worth*, however, is distinguishable. Here, the fifth paragraph of the contract is not conditioned on any act or omission by Davey Tree. Rather, it required Davey Tree to purchase commercial general liability insurance of a specified amount "for bodily injury and property damage liability…, *including* coverage of all liability assumed by Contractor under this contract…." (Letter Contract (Oct. 6, 2004) ¶ 5.) Paragraph five did not require that CSX be named an "additional insured," a situation in which CSX would "enjoy the same protection as the named insured." *Pecker Iron Works of New York, Inc. v. Traveler's Ins. Co.*, 99 N.Y.2d 391, 393 (2003). Therefore, as with the indemnification provision, it is too early to tell whether any breach by Davey Tree of its duty

to purchase commercial liability insurance required by paragraph five has caused injury to CSX.

## CONCLUSION

For the reasons stated above, Davey Tree is directed to pay for CSX's defense of the lawsuit by Plaintiff against CSX. To that extent, CSX's motion (Docket No. 25) is granted and the Clerk is directed to enter judgment for CSX with regard only to Count II of its third party complaint (Docket No. 10). In all other respects, CSX's motion for summary judgment (Docket No. 25) is denied.

IT IS SO ORDERED.

Dated: June 3, 2010
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge